UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MILTON MANUEL SANCHEZ, et al.,  )
    Plaintiffs,                )
                       )
       v.                     )  C.A. No. 11-10990-MLW
                       )
LASERSHIP, INC.,               )
    Defendant.                 )

MEMORANDUM AND ORDER

WOLF, D.J.                                    April 30, 2012


On February 23, 2012, the court allowed defendant Lasership, Inc.'s ("Lasership") Motion for Judgment on the Pleadings and dismissed the claims of plaintiffs Milton Manuel Sanchez, Carmelo Medina, Gerard Edmond, and other similarly situated individuals, without prejudice. See Feb. 23, 2012 Order. Specifically, the court found that a mandatory forum selection clause included in the contracts signed by plaintiffs and Laser Courier, Inc. and assigned to defendants was enforceable and required plaintiffs to bring their claims in state or federal court in the Eastern District of Virginia. See Feb. 23, 2012 Tr. at 50, 60-61. Accordingly, the case was dismissed without prejudice on February 23, 2012.

Plaintiffs have now filed a Motion to Alter or Amend the Court's Order of Dismissal Without Prejudice (the "Motion"), arguing that federal law requires that the case be transferred rather than dismissed. Defendants oppose the Motion. For the reasons described below, the Motion is being denied without prejudice.

Plaintiffs file the Motion pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Though Rule 59(e) does not describe the specific requirements for allowing such a motion, the First Circuit has held that a Rule 59(e) motion may be granted based on "a manifest error or law or fact." DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001) (quoting Aybar v. Crispin Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Courts may exercise considerable discretion when deciding a Rule 59(e) motion. Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004). However, "[t]he rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to . . . . advance arguments that could and should have been presented to the district court prior to judgment." DiMarco-Zappa, 238 F.3d at 34 (quoting Aybar, 118 F.3d at 16).

Plaintiffs argue that, when a court finds a mandatory forum selection clause enforceable, the court is required to transfer the case, pursuant to 28 U.S.C. §1404(a), rather than dismiss the case pursuant to 28 U.S.C. §1406(a). 28 U.S.C. §1404(a) governs change of venue, and states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which

all parties have consented." 28 U.S.C. §1406(a) addresses cure or waiver of defects, and states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Plaintiffs did not raise this argument prior to the February 23, 2012 hearing. In fact, neither party raised the issue of transfer or invoked the venue statutes at any time, although the court briefly raised the issue of whether it had the authority to transfer the case sua sponte. See Feb. 23, 2012 Tr. at 14-15, 60-61. Rather, both parties acknowledged that in the First Circuit, motions to dismiss based on forum selection clauses are properly reviewed as motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387 & n.3 (1st Cir. 2001).

Plaintiffs have identified no legal basis for their failure to argue earlier that the court was required to transfer the case rather than dismiss it. Their sole explanation is that "it would have been against the plaintiffs' interests for counsel to argue in favor of a transfer while at the same time attempt to preserve the then current venue." Mot. at 5. However, this explanation is not persuasive as parties frequently argue in the alternative in order to preserve all viable options. See Bath Iron Works Corp. v.

<u>Director, Office of Workers' Compensation Programs, United States</u> <u>Dep't of Labor</u>, 950 F.2d 56, 59 n.13 (1st Cir. 1991) ("Inconsistent and alternative claims or defenses, however, are a well-accepted feature of modern practice." (internal quotations and citations omitted)); <u>see also</u> Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

As previously stated, Rule 59(e) "certainly does not allow a party to . . . . advance arguments that could and should have been presented to the district court prior to judgment." <u>DiMarco-Zappa</u>, 238 F.3d at 34 (quoting <u>Aybar</u>, 118 F.3d at 16). Accordingly, the court is not required to consider the merits of the plaintiffs' contention, as it was not raised in a timely manner. However, the court has considered the argument, finds it without merit and, in any event, inadequate to demonstrate that the court made a "manifest error of law or fact" by dismissing the case without prejudice rather than transferring it. <u>See</u> <u>DiMarco-Zappa</u>, 238 F.3d at 34 (quoting <u>Aybar</u>, 118 F.3d at 16).

Plaintiffs now assert that when venue is proper but for a valid forum selection clause, an action must be transferred to the appropriate federal venue rather than dismissed. They rely heavily upon <u>Stewart Org. Inc. v. Ricoh Corp.</u>, a 1988 Supreme Court case in which defendant, in reliance upon a forum selection clause, moved to transfer the case pursuant to 28 U.S.C. §1404(a) or dismiss it

pursuant to 28 U.S.C. §1406(a). <u>See</u> 487 U.S. 22, 24 (1988). The Court held that "federal law, specifically 28 U.S.C. §1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer this case to a court in Manhattan." <u>Id.</u> at 32. Plaintiffs argue that this holding demonstrates that a request to enforce a forum selection clause authorizing venue in another federal district should be treated as a motion to transfer pursuant to 28 U.S.C. §1404(a), and the court's only option upon enforcing the forum selection clause is to transfer the case to the District Court of the Eastern District of Virginia.

However, <u>Stewart</u> addressed a motion to transfer or dismiss pursuant to the federal venue statutes, rather than a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Stewart</u>, 487 U.S. at 24. Further, the Court in <u>Stewart</u> addressed the issue in the context of whether federal or Alabama law applied to determine the enforceability of the forum selection clause. <u>Id.</u> at 24-25. Accordingly, <u>Stewart</u> is distinguishable from the instant case.

Although the First Circuit has not decided the issue, several other circuits have held that a district court is not required to transfer a case pursuant to an enforceable forum selection clause, but may dismiss it depending on the manner in which the motion is made. The Second Circuit, in holding that dismissal is permitted,

5

distinguished <u>Stewart</u>, finding that "[t]he better reading of <u>Stewart</u> . . . . is that <u>Stewart</u> deals with motions to transfer pursuant to §1404(a), while <u>Bremen</u> and <u>Shute</u> address the grant of dismissal or summary judgment based on a forum selection clause." <u>TradeComet.com LLC v. Google, Inc.</u>, 647 F.3d 472, 478 (2d Cir. 2011).[1] Accordingly, the Second Circuit held that "<u>Stewart</u> does not compel a district court to enforce a forum selection clause under §1404(a) where that clause permits suit in an alternative federal forum." <u>Id.</u> The court found that "a defendant may seek to enforce a forum selection clause under Rule 12(b)," and, in such a case, a district court may properly dismiss the case rather than transfer it. <u>Id.</u> at 478-79.

Several other circuits have similarly held that a court is not required to transfer a case based on a forum selection clause, but may allow a motion to dismiss the case. <u>See, e.g.</u>, <u>Slater v. Energy Servs. Grp. Int'l, Inc.</u>, 634 F.3d 1326, 1333 (11th Cir. 2011) (where clause designated a federal or state court in Virginia, holding "that §1404(a) is the proper avenue of relief where a party seeks the transfer of a case to enforce a forum-selection clause,

---

[1] In <u>The Bremen v. Zapata Off-Shore Co.</u>, the Supreme Court held that forum selection clauses are prima facie valid, and enumerated the factors to be considered in their enforceability. <u>See</u> 407 U.S. 1, 15-17 (1972); <u>see also</u> <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585 (1991) (holding a forum selection clause enforceable based on the <u>Bremen</u> factors in confirming a district court's grant of summary judgment; Court did not make any reference to 28 U.S.C. §§1404(a) and 1406(a).).

while Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a forum-selection clause"); <u>Salovaara v. Jackson Nat. Life Ins. Co.</u>, 246 F.3d 289, 298 (3d Cir. 2001) (there is "no doubt that a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum."; also noting that "[a]dding § 1404 to the mix does nothing to abrogate a district court's authority to dismiss under Rule 12"); <u>Muzumdar v. Wellness Intern. Network, Ltd.</u>, 438 F.3d 759, 761 (7th Cir. 2006) ("A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3)."); <u>Langley v. Prudential Mortg. Capital Co.</u>, LLC, 546 F.3d 365, 369 (Moore, J., concurring) ("When a party seeks to enforce a forum-selection clause through a properly brought motion to dismiss, the district court may enforce the forum-selection clause through dismissal." (citing <u>Security Watch, Inc. v. Sentinel Sys., Inc.</u>, 176 F.3d 369, 371, 374-76 (6th Cir. 1999))).

In the First Circuit, as the parties have acknowledged, "we treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." <u>Rivera v. Centro Medico De Turabo</u>, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing <u>Silva</u>, 239 F.3d at 387 & n.3). The First Circuit has repeatedly upheld dismissals based on forum selection clauses without requiring the district

court to consider transfer, even when there is an available alternate federal forum. See, e.g., Rafael Rodriquez Barril, Inc. v. Conbraco Industries, Inc., 619 F.3d 90, 95 (1st Cir. 2010); Silva, 239 F.3d at 386-89.

Plaintiffs cite a Third Circuit case, Jumara v. State Farm Ins. Co., in which the Third Circuit held that the district court was required to consider transfer of the case when a forum selection clause provided an alternate federal forum even though the parties did not invoke the federal transfer and venue statutes. 55 F.3d 873, 878 (3d Cir. 1995). However, the persuasive value of this holding is limited, as the Third Circuit has not relied upon Jumara for that point since the decision was issued. In fact, eight years later in MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A., the Third Circuit affirmed a district court's dismissal of a suit based on the sua sponte consideration of a forum selection clause, and did not require the court to consider transfer before dismissing the case. See 65 Fed. App'x 844 (3d Cir. 2003). In addition, as previously discussed, in Salovaara the Third Circuit explicitly held that a court may dismiss a case based on an enforceable forum selection clause. See 246 F.3d at 298. There, the court found that, though the District Court did not err in sua sponte considering 28 U.S.C. §1404's factors to determine whether transfer was the better course, "[a]dding § 1404 to the mix does nothing to abrogate a district court's authority to dismiss under

Rule 12." Id.; see also Kahn v. Am. Heritage Life Ins. Co., No. 06-01832, 2006 WL 1879192 at *6 (E.D. Pa. June 29, 2006) ("When only a 12(b)(6) motion to dismiss is filed, and not a motion to transfer venue, as is the case here, this Court has the power to dismiss the action in order to enforce the forum selection clause without considering the possibility of transfer to another federal forum." (citing Salovaara, 246 F.3d at 288-89)).

Accordingly, plaintiffs' argument, that federal law requires the court to transfer rather than dismiss the case based on a forum selection clause, lacks merit, and fails to demonstrate the material error of law necessary to make the granting of a Rule 59(e) motion appropriate. See DiMarco-Zappa, 238 F.3d at 34 (quoting Aybar, 118 F.3d at 16).

Finally, plaintiffs have failed to identify any specific prejudice they have suffered as a result of the court's dismissal of the case without prejudice. They have already refiled the case in the Eastern District of Virginia. See Def's Opp. to Mot., Ex. 1. They now argue that the decision creates an "enormous risk of prejudice" to plaintiffs, as there is "surprising [sic] little case law available to guide courts in determining the appropriate time frame for the award of damages when a case must be refiled due to change of venue," although there is "some case law suggesting the doctrine of equitable tolling would apply." Mot. at 6. However, this generalized, speculative risk of prejudice is insufficient to

justify a modification to the court's dismissal of the case without prejudice.

If plaintiffs had requested a transfer in the event the forum selection clause at issue was found to be enforceable, and had cited cases indicating the court's authority to do so, the court might have transferred the case to the Eastern District of Virginia rather than dismissing it without prejudice to refiling there. However, whether due to inexcusable oversight or a tactical decision, plaintiffs did not do so. Plaintiffs have not persuaded the court that it should in these circumstances exercise its considerable discretion when deciding a Rule 59(e) motion and grant the transfer now requested. See Venegas-Hernandez, 370 F.3d at 190; DiMarco-Zappa, 238 F.3d at 34. Therefore, the Motion is being denied. However, in view of the speculative claim that plaintiffs may be prejudiced by being required to refile the case in Virginia, the Motion is being denied without prejudice to possible reconsideration if plaintiffs demonstrate that real harm has occurred because of their counsel's oversight or tactical error.

Accordingly, for the reasons described, plaintiffs' Motion to Alter or Amend the Court's Order of Dismissal Without Prejudice (Docket No. 32) is DENIED without prejudice.


                                    /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE